# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 17-306V
### Filed: October 10, 2018
PUBLISHED

|  |  |
|---|---|
| YVONNE SHAWGO, | Special Processing Unit (SPU); |
| Petitioner, | Attorneys' Fees and Costs |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 6, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her September 15, 2015 influenza ("flu") vaccination. Petition at 1. On September 26, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. ECF No. 30.

On February 28, 2018, petitioner filed a motion for attorneys' fees and costs requesting an hourly rate of $313.00 for work performed in 2017, and $323.00 for work performed in 2018. ECF No. 36. A decision was originally issued on May 10, 2018,

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

wherein the undersigned found it necessary to reduce the hourly rate of Petitioner's counsel, Mr. Vuckovich, to $290.00 for work performed in 2017 and $300.00 for work performed in 2018.  Petitioner moved for reconsideration of the decision on attorneys' fees and costs on May 24, 2018.  Motion for Reconsideration ECF No. 40 ("Motion").  The undersigned withdrew the original decision on May 24, 2018, and ordered respondent to file his response, if any, by May 10, 2018.  ECF No. 41.  Respondent did not file a response.  This Motion is now ripe.

## I.      Procedural History

On March 6, 2017, petitioner filed a petition for compensation under the Vaccine Act.  Petitioner alleges that she suffered a SIRVA due to her receipt of a flu vaccination.  Petition at 1.  On September 26, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation.  ECF No. 30.

On February 28, 2018, petitioner filed a motion for attorneys' fees and costs.  ECF No. 36.  Petitioner's counsel, Mr. Vuckovich, described his legal education and experience in the accompanying affidavit.  ECF No. 36-4.  Mr. Vuckovich stated that he graduated from New York University School of Law in 2008, and following that began work "in the fields of private equity, mergers/acquisitions, and securities litigation" until 2009.  Mr. Vuckovich then worked as an analyst and legal consultant at Trimingham, Inc., a financial consultancy, until 2012, and from March of 2012 to November of 2016 Mr. Vuckovich "conducted [his] own independent legal practice, acting as outside corporate counsel for small businesses and start-ups."  *Id.* at 2-3.  Since November of 2016, Mr. Vuckovich has been employed at the Maglio Christopher & Toale law firm in Washington, DC.  *Id.*  Mr. Vuckovich also stated that he is a member of two bars, the District of Columbia Bar Association and the District of Maryland Bar association.  *Id.*  Although not addressed in the motion for attorneys' fees and costs, a search performed by the undersigned indicated that Mr. Vuckovich was first licensed to practice law upon his admission to the DC Bar on June 8, 2009.

On March 1, 2018, respondent filed a response to petitioner's motion.  ECF No. 37.  Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent added, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On March 1, 2018, petitioner filed a reply.  ECF No. 38.  Petitioner disputed respondent's position that he has no role in resolving attorneys' fees and costs and further reiterated her view that her attorneys' fees and costs in this case were reasonable.

2

A decision was originally issued on May 10, 2018.  ECF No. 39.   Due to Mr. Vuckovich's limited experience with the Vaccine Program, the undersigned reduced Mr. Vuckovich's rate from the requested $313.00 to $290.00 for work performed in 2017, and $323.00 to $300.00 for work performed in 2018.

Petitioner moved for reconsideration of the decision on attorneys' fees and costs on May 24, 2018.  Petitioner requests reconsideration of the fees awarded to Mr. Vuckovich, and specifically the methodology used to determine attorney hourly rates. Motion at 2.

The undersigned withdrew the original decision on May 24, 2018, and ordered respondent to file his response, if any, by June 8, 2018.  ECF No. 41.  Respondent did not file a response.

Although not specifically stated, the undersigned's May 24, 2018 order granted petitioner's motion for reconsideration based upon the applicable legal standard "in the interest of justice".  *See Shaw v. Sec'y of Health & Human Servs.,* 91 Fed. Cl. 715, 720 (2010); *Krakow v. Sec'y of Health & Human Servs.,* No. 03-0632V, 2010 WL 5572074, at *5 (Fed. Cl. Spec. Mstr. Nov. 12, 2010).

## II.     Legal Standard for Determining the Amount of Fees and Costs

Since petitioner was awarded compensation for her injury, she is entitled to an award of reasonable attorneys' fees and costs. § 15(e)(1).  As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. No. 99–908, at 36 reprinted in 1986 U.S.C.C.A.N. 6344, 6377).

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton*, 3 F.3d at 1521–22; *see also Hines v. Sec'y of Health & Human Servs.*, 22 Ct. Cl. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The court of appeals has recognized that special masters have "discretion in determining the amount of a fee award" in light of their "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Garrison v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 99, 106 (2016).  Further, because "[s]uch fee determinations are within the discretion of a trial forum," they "are entitled to deference."  *Id.*  Thus, "[i]f the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate."  *Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991); *Wasson v. Sec'y of Health & Human Servs.*, 24 Ct. Cl. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (*per curiam*).

3

In the *McCulloch* case, the special master exhaustively examined the question of appropriate hourly forum rates in the Vaccine Program following the breakdown of respondent's long standing agreement with petitioner's counsel in that case. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *3–4 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (for background information regarding these events). The special master determined the appropriate rates for attorneys involved in that matter but also established tiered ranges of appropriate forum rates based on years of legal experience. *Id.* at 27. The reasoning and hourly rates set in McCulloch have since been widely followed.[3]

After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, the special master concluded in *McCulloch* that the following factors should be considered when determining the appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. *McCulloch*, 2015 WL 5634323, at *17. He calculated a series of ranges for reasonable forum rates in Vaccine Program cases. *Id.* at *19. The special master noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id.*

Ranges for reasonable forum rates are available on the Court's website. Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule ("OSM Fee Schedule") (2017-18), *available at* http://www.cofc.uscourts.gov/node/2914. For 2017, rates in Vaccine Program cases are:

> $307 to $383 per hour for attorneys with 11 to 19 years of experience;
> $281 to $358 per hour for attorneys with eight to ten years of experience;
> $230 to $307 per hour for attorneys with four to seven years of experience; and
> $153 to $148 per hour for attorneys with less than four years of experience.

For 2018, rates in Vaccine Program case are:

> $317 to $396 per hour for attorneys with 11 to 19 years of experience;
> $291 to $370 per hour for attorneys with eight to ten years of experience;
> $238 to $317 per hour for attorneys with four to seven years of experience; and
> $159 to $238 per hour for attorneys with less than four years of experience.

---

[3] Although respondent did not seek review in *McCulloch*, much of the reasoning of the *McCulloch* decision was later examined approvingly on review by the Court of Federal Claims in *Garrison v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 99 (2016).

4

The OSM Fee Schedule explains that "[t]he years of experience listed in this schedule refer to an attorney's years of experience practicing law, which generally will be calculated based on the year an attorney was admitted to the bar."   OSM Fee Schedule (2018) at 3 n.6.  Moreover, the general policy of the Office of Special Masters is to calculate attorney experience when an attorney becomes licensed to practice, and not when he achieves a Juris Doctorate.  *See Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V, 2018 WL 3989456, at *5 (Fed. Cl. Spec. Mstr. July 17, 2018) (calculating an attorney's experience from the date the attorney was first admitted to practice law and citing additional cases); *Schwenn v. Sec'y of Health & Human Servs.,* No. 15-1148V, 2018 WL 945791, at *2 (Fed. Cl. Spec. Mstr. Jan. 23, 2018) ("Attorneys are placed into the appropriate *McCulloch* range based on their years of experience as a licensed attorney, but they may move up or down within the range based upon their years of experience practicing before the Vaccine Program."); *Tinsley v. Sec'y of Health & Human Servs.*, No. 15-513V, 2016 WL 4367228, at *2 n.6 (Fed. Cl. Spec. Mstr. July 21, 2016) (calculating counsel's experience from her bar admission date and not as a graduate of law school).[4]

Additionally, calculating an attorney's legal experience starting from when the attorney was first licensed to practice law is often easier to verify than evaluating each individual's specific experience, which may include activities during, or even prior to, pursuing a law degree.  This is especially true in situations when petitioner fails to provide adequate evidence regarding his or her counsel's experience or, as in this case, when dates of bar admission are not provided.  *See* Ex. 13 at 3 (petitioner's counsel stating he was a member in good standing of certain bars, but not indicating when he was first admitted).  In such instances, it falls on the court to look elsewhere for evidence.  *See Dougherty v. Sec'y of Health & Human Serv.*, No. 05–700V, 2011 WL 5357816, at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) ("When the parties do not provide reliable evidence, the court can look to other evidence to establish a reasonable hourly rate.") (*citing Rupert v. Sec'y of Health & Human Servs.*, 52 Fed. Cl. 684, 688–89 (2002)).

Moreover, since March of 2016, respondent has not meaningfully participated in attorneys' fee motion practices, and instead began routinely asserting, as he does in this case, that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *See, e.g.*, ECF No. 37, Response to Petitioner's Application for Fees and Expenses at 1.  In most instances, respondent also declines to enter into stipulations regarding attorneys' fees and costs, including in this case.  This has had the effect of

---

[4] In *McCulloch*, the special master did note that an attorney's level of experience may be considered for legal work prior to being admitted to a bar, such as an internship in the Vaccine Program or prior judicial clerkship, especially for attorneys with experience of less than four years. *McCulloch, 2015 WL 5634323 at * 17.*  However, Mr. Vuckovich does not have prior judicial clerkship experience, has no prior experience with the Vaccine Program, and has more than four years of legal experience.

increasing attorneys' fees litigation overall and has resulted in numerous instances, such as in this case, where special masters have issued fee decisions based on motion practice without input from respondent.  *See, e.g.*, *Roberts v. Sec'y of Health & Human Servs.*, No. 16-1151V, 2018 WL 2772304, at *1 (Fed. Cl. Spec. Mstr. May 18, 2018) (quoting respondent's generic response to petitioner's motion for attorneys' fees wherein respondent states he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and recommending that the special master "exercise her discretion and determine a reasonable award for attorneys' fees and costs").[5]

According to Mr. Vuckovich's declaration, he graduated law school in 2008, and was first employed from September 2008 to April 2009 by the law firm of Akin Gump Strauss Hauer & Feld, LLP, focusing his legal experience on "private equity, mergers/acquisitions, and securities litigation."  Ex. 13 at 2.  According to a search done by the undersigned, Mr. Vuckovich was first admitted to the DC Bar on June 8, 2009.[6]

For the reasons stated above, and based on the general policy of the Office of Special Masters, the undersigned finds that Mr. Vuckovich had eight years of experience as a licensed attorney in 2017, and nine years of experience as a licensed attorney in 2018.  Mr. Vuckovich's experience in the Vaccine Program, however, is limited.[7]   Attorneys with less experience in the Vaccine Program are typically awarded rates toward the lower end of the forum rate ranges.  For example, in *Gowans v. Sec'y of Health & Human Servs.*, the special master noted that "Although [petitioner's attorney] has more than 20 years of experience, this is only his second case in the Vaccine Program."  No. 14-440V, 2017 WL 1842824, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2017).  The attorney was then awarded $350.00, which was the bottom of the forum rate tier for an attorney with 20-30 years of experience.  *Id.*  Similarly, in *Johnson v. Sec'y of Health & Human Servs.*, petitioner's counsel had over 40 years of experience and was thus entitled to hourly rates between $385–$430 for work performed in 2015 and 2016, and $394–$440 for work performed in 2017.  No. 15-602V, 2017 WL 4210578, at *1 (Fed. Cl. Spec. Mstr. June 26, 2017).  The special master noted that the requested hourly rate of $415.00 was toward the high end of the Attorneys' Hourly Rate

---

[5] The undersigned notes that respondent also declined to submit a response to petitioner's motion to reconsider in this case.

[6] Mr. Vuckovich's bar admission was determined by conducting a search on the DC Bar Organization website.  https://join.dcbar.org/eweb/DynamicPage.aspx?Site=dcbar&WebCode=FindMemberResults last visited Sept. 19, 2018.

[7] Prior to November 2016, Mr. Vuckovich's legal career focused on private equity, mergers/acquisitions, securities litigation, and financial consulting.  Ex. 13 at 2-3.  It was not until November 2016, when Mr. Vuckovich began acquiring any substantive experience on Vaccine Act claims, or with litigation in general.  *Id.*  This was Mr. Vuckovich's first vaccine case, although he currently has numerous cases pending before the OSM.

Fee Schedule for attorneys with more than 31 years of experience.  *Id.*  Based on that lack of experience, the special master found a rate of $385.00 per hour was appropriate for work performed prior to 2017, and $395 for work performed in 2017.  *Id.  See also Cantwell v. Sec'y of Health & Human Servs.*, No. 17-0004V, 2018 WL 3991279, at *3 (Fed. Cl. Spec. Mstr. Apr. 11, 2018) (reducing an attorney's requested hourly rates due to inexperience in the Vaccine Program); *Nash v. Sec'y of Health & Human Servs.*, No. 15-1587V, 2018 WL 2224885, at *2 (Fed. Cl. Spec. Mstr. Feb. 5, 2018) (reducing petitioner's counsel's hourly rate to $350 for an attorney with 20 years of experience due to her lack of experience with the Vaccine Program).

Petitioner requested rates for Mr. Vuckovich of $313.00 for 2017, and $323.00 for 2018. Ex. 10 at 10.  An attorney with Mr. Vuckovich's years of experience is entitled to an hourly rate of $281-$358 for work performed in 2017 and $291-$370 for work performed in 2018.  However, while Mr. Vuckovich performed well in this case, it was his first case, and he is fairly inexperienced in the Vaccine Program.  Considering Mr. Vuckovich's skill, experience, quality of work, reputation, and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the appropriate hourly rate for Mr. Vuckovich's work performed in 2017 is $290.00 and in 2018 is $300.00.[8]  This results in a reduction of $118.80 for work performed in 2017 and $175.50 for work performed in 2018.  This reduces the total award to $17,225.83, a reduction of $294.30.[9]

## III.     Motion to Reconsider

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision.  As it provides, "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision ...."  Vaccine Rule 10(e)(1).  Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice."  Vaccine Rule 10(e)(3).  As noted by another special master, "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," beyond the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case.  *Krakow*, 2010 WL 5572074, at *3 (granting reconsideration of decision dismissing case for failure to prosecute).  Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of

---

[8] As Mr. Vuckovich gains experience in the Vaccine Program, he may warrant an upward adjustment of his hourly rate.  *See Russell*, 2018 WL 3989456, at *6 (awarding an attorney a higher rate within the McCulloch range due to her additional expertise in the Vaccine Program).

[9] This amount is calculated by reducing the original requested rate by the awarded rate multiplied by hours billed.  ($306 - $300 = $6 * 19.80 = $118.80) ($320-$307 = $13 * 13.50 = $175.50) ($118.80 + $175.50 = $294.30).  The requested rate and hours are set forth in ECF No. 37, petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs Pursuant to 42 U.S.C. 300aa-15, at 3-4.

the Court of Federal Claims, which has been defined to be unfairness that is "clearly apparent or obvious." *Amnex, Inc. v. United States,* 52 Fed. Cl. 555, 557 (2002); *see also R.K.*, 2010 WL 5572074, at *3–5 (citations omitted).  A motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court.'" *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (quoting *Fru-Con Constr. Corp. v. United State*s, 44 Fed. Cl. 298, 300 (1999)).  "Manifest" means "clearly apparent or obvious." *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002).  The moving party "must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice."  *Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006) (citing *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004)).

In this case, petitioner does not indicate the grounds for which this motion to reconsider rests.[10]   However, it is clear that the motion seeks reconsideration to avoid manifest injustice.  Petitioner is not seeking reconsideration on the grounds of a change in controlling law, as the cases cited are from May of 2017 and October of 2016.  Motion at 3.  Further, petitioner is clearly not seeking reconsideration due to the presence of previously unavailable evidence because no new evidence was submitted with the Motion.

In petitioner's Motion for Reconsideration, petitioner's counsel, Mr. Vuckovich, is requesting rates of $313.00 for 2017, and $323.00 for 2018.  In support of these rates, Mr. Vuckovich asks that the OSM find his legal experience began when he graduated law school and started employment in the legal field drafting and revising documents for large private equity funds.  Motion at 2.

Petitioner's Motion requests that the OSM alter its practice of calculating legal experience from the year an attorney has been admitted to a bar, thus becoming a licensed attorney.  For the reasons set forth above, and consistent with the OSM's previous decisions, the undersigned finds that calculating an attorney's experience from bar admission is appropriate.  *Russell*, 2018 WL 3989456, at *4-7 (calculating an attorney's experience from the date she was first admitted to practice law); *see also Ritchie-Coppler v. Sec'y of Health & Human Servs.*, No. 15-1208V, 2017 WL 7762736, at *2 (Fed. Cl. Spec. Mstr. Oct. 18, 2017) (crediting petitioner's attorney with legal experience from when she was admitted to the State Bar of California, and not counting the prior 20 years when petitioner was a certified paralegal); *Holmes v. Sec'y of Health & Human Servs.*, No. 14-887V, 2016 WL 3360424, at *2 (Fed. Cl. Spec. Mstr. May 26, 2016) (calculating legal experience from the time a petitioner's attorney passed the California State Bar).  This issue was recently addressed in *Russell*, wherein the special master explained that the years of experience listed in the attorney fee schedules refers

---

[10] Petitioner stated that the motion for reconsideration was filed so that the "question of experience level may be determined consistently with the ultimate decision in *Russell*" a decision which addressed a similar question.  Mr. Vuckovich is also seeking reconsideration "[t]o avoid future confusion and possible pleadings in [the issue of petitioner's experience level in 2019]…."  Motion at 4.

to an attorney's years of experience practicing law, which generally will be calculated based on the year an attorney was admitted to a bar.  *Russell*, 2018 WL 3989456 at *7.

Mr. Vuckovich cites to two cases in support of his argument that experience is calculated from the date of graduation of law school, *DiPietro v. Sec'y of Health & Human Servs.* 2016 WL 7384131 (Fed. Cl. Spec. Mstr. Oct. 6, 2016), and *Schupp v. Sec'y of Health & Human Servs.*, No. 15-1264V, 2017 WL 6348865 (Fed. Cl. Spec. Mstr. May 10, 2017).  Motion at 2 n.1.  The undersigned notes that a reference to the hourly rate awarded to another attorney is not controlling here.  Further, in *DiPietro*, the undersigned relied on petitioner's counsel's representation that she was actively litigating during the relevant period.  *DiPietro*, 2016 WL 7384131, at *3.  Additionally, in *Schupp*, the special master did not discuss the years of experience of petitioner's counsel, but only stated that the rates were reasonable.  *Schupp,* 2017 WL 6348865, at *2.

Petitioner's counsel also states that the special master "relied upon the Laffey Matrix" in the formation of the Attorneys' Hourly Rate Schedule, and that Laffey Matrix calculates years of experience following an attorney's graduation from law school. Motion at 3.  However, the Laffey Matrix was referenced merely as a model for the OSM rate schedule.  Moreover, the Laffey Matrix does not control rate determination for Vaccine Program cases.  *Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559, at *5 (Fed. Cl. Spec. Mstr. May 15, 2015), *aff'd*, 124 Fed. Cl. 225 (2015); *Rodriguez*, 2009 WL 2568468, at *11-12 (citing additional case law supporting this proposition).  Further, the Laffey Matrix was previously considered in *McCulloch*, but specifically not applied.  As the special master noted in *McCulloch*, the Laffey Matrix structure was useful for comparative purposes, but the rates were not awarded or considered as a *prima facie* rate.  *McCulloch*, 2015 WL 5634323, at *16 n.32.

Petitioner further states that "it is relatively commonplace for certain legal professionals to be unlicensed or inactive in a state" and that "[i]t is proper to consider such work in an attorney's years of experience."  Motion at 4.  As stated above, an attorney's experience prior to being a licensed attorney is considered in determining an attorney's hourly rate; those factors influence the rate to be awarded within the appropriate range.  *See Russell*, 2018 WL 3989456, at *6 (granting an attorney a higher rate within the *McCulloch* range due to her significant experience in the Vaccine Program and prior experience as a clerk at the OSM); *Solomon v. Sec'y of Health & Human Servs.*, No. 14-0748V, 2016 WL 8257673, at *7 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (granting an attorney on the low end of experience in a *McCulloch* range a higher rate within that range due in part to her advanced degree and experience as a law clerk).

Petitioner's counsel acknowledges that the OSM's Hourly Rate Schedule notes an attorney's years of experience is generally calculated based on the year an attorney was admitted to a bar.  However, "his counsel's legal experience as an Associate at

9

Akin Gump Strauss Hauer & Feld, LLP, prior to his admission to the D.C. Bar, warrants one circumstance to find his experience began in 2008."  Motion at 6.  As stated above, attorneys with less experience in the Vaccine Program are typically awarded rates in the lower range.  The first seven years of Mr. Vuckovich's experience involved transactional work that did not involve either Vaccine Program cases, or litigation in general.  Further, Mr. Vuckovich does not adequately explain how his prior experience "drafting and revising critical documents for large private equity funds" or "founding and managing his own independent legal practice for more than 4 years" warrants an adjustment to the hourly rate fee schedule.

For the reasons stated above, the undersigned finds that petitioner has not shown the hourly rate awarded to Mr. Vuckovich constitutes manifest injustice.

## IV.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $ 17,225.83[11] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Joseph A. Vuckovich.  Petitioner request payment be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[12]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[11] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[12] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.